## DENNY v. COCHRAN.

1. **Judicial Sale:** ACTION TO RECOVER AMOUNT BID. In an action to recover the amount bid at a sale under an execution it was *held* that the evidence sustained a finding for the defendant.

*Appeal from Washington Circuit Court.*

TUESDAY, OCTOBER 7.

ACTION to recover the amount of a bid alleged to have been made at a sheriff's sale. The defendant in execution, one Partlow, owned an undivided half of four acres of growing oats, and three-fifths of sixteen acres of growing wheat, and three-fifths of thirty acres of growing corn. The sheriff's design was to levy upon and sell Partlow's interest. The defendant in this action bid at the execution sale, and the

Denny v. Cochran.

property was struck off to him. The bid was made by the acre, the sheriff understanding, as he claims, that the amount bid was for Partlow's interest in each acre in the whole piece; the defendant understanding, as he claims, that the amount bid was for the full interest in such number of acres as Partlow would be entitled to upon a division of the crop by the acre; that is to say, for the full interest in two acres of oats, nine and three-fifths acres of wheat, and eighteen acres of corn. The defendant tendered the amount of his bid, estimated according to what he claims was his understanding of it, which the sheriff and the plaintiff refused to accept. The action is brought to recover the amount of the bid, estimated according to the sheriff's understanding of it. Other facts are stated in the opinion. There was a trial by the court and judgment for the defendant. Plaintiff appeals.

*H. & W. Schofield,* for appellant.

*A. C. McGengan,* for appellee.

ADAMS, J.—The appellant insists that the appellee cannot be allowed to say that his understanding of the bid was different from what it would appear to be from what was said and done in making the sale. Conceding for the purposes of the case that this is the rule, we are of the opinion that we should not be justified in reversing. It is true the court found what the defendant's understanding was, and not expressly whether what was said and done at the sale justified such understanding. But, as the court refused to allow defendant to state what his understanding was, we infer that the finding of the court as to his understanding was based upon what he found was said and done. It only remains to be determined, then, whether the evidence is sufficient to support such finding.

The levy was made, as appears from the sheriff's return, upon the full interest in the entire crop. The property levied upon is described as "sixteen acres, more or less, of wheat;

1. JUDICIAL sale: action to recover amount bid.

thirty acres, more or less, of corn; and four acres, more or less, of oats." In the notification to the appraisers the property is described as "Partlow's share of twenty acres, more or less, of corn; also twenty acres, more or less, of wheat; and ten acres, more or less, of oats." There was nothing, it appears to us, either in the levy or notice to the appraisers, indicating that Partlow owned an undivided fractional interest in the crop, and most certainly nothing showing what interest, if any.

It was impossible for the appraisers, proceeding simply under the levy and notice, to make an appraisement without doing it by the acre, and appraising the full value as if Partlow owned the full interest in each acre as far as his ownership extended. In their report they say: ",We have examined the property described in our appraisement, and have appraised the present cash value of the same at: oats, three dollars per acre; corn, two dollars per acre; wheat two dollars and fifty cents per acre." This, taken in connection with the description of property in the appraisement, necessarily means that they found such to be the full value of each acre, and the undisputed evidence is that that was their understanding. The property was offered and bids were received under that appraisement. The reasonable inference was that Partlow's interest was to be estimated as a full interest in so many acres as his interest in the whole would entitle him to if estimated in that way. The defendant bid more than the value, as appraised, upon that theory, and we must assume its full actual value as estimated upon that theory. We think the finding of the court fully sustained.

Several different errors are assigned, but the views which we have expressed cover, we think, all that is material to be determined.

AFFIRMED.